## MAUK v. COMMONWEALTH.

Court of Appeals of Kentucky.

June 23, 1954.

Rehearing Denied Oct. 22, 1954.

———

Ora Duval, W. H. Counts, Olive Hill, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., W. Major Gardner, Commonwealth's Atty., West Liberty, Ky., D. V. Kibbey, County Atty., Grayson, for appellee.

CLAY, Commissioner.

Appellant, charged with murder, was convicted of voluntary manslaughter and sentenced to 10 years in the penitentiary. He contends generally that the verdict is "against both the law and the evidence" and that the instructions were erroneous.

The principal complaint of appellant seems to be that he was tried some 18 years after the commission of the alleged crime. This was brought about by the fact that he left Kentucky and lived under other names in other states.

In 1935 appellant shot and killed a deputy constable in Carter County. The shooting and killing are admitted, and therefore it was incumbent upon appellant to justify it. The deceased was pursuing a friend of appellant in an attempt to arrest him. Apparently appellant attempted to interfere with this arrest and thereupon the deceased directed his attention to and tried to arrest him. There is no question but what the deceased struck appellant with a walking cane, perhaps more than once. There is testimony, however, that prior thereto appellant had his pistol in his hand and there is testimony that appellant, immediately before this attack, had threatened to kill somebody.

We think there was sufficient evidence in the record to submit the question of guilt to the jury. As a matter of fact appellant does not directly argue to the contrary, his contention being that the witnesses for the Commonwealth could not be believed.

Appellant objects to the instructions on the ground they assume the deceased had a lawful right to arrest appellant's friend or appellant. As we view the case the question of the constable's right to make an arrest was not the significant issue involved.

The only question was whether or not appellant acted in his necessary self-defense.

A careful consideration of the instructions shows they presented every theory of the defense to which appellant was entitled. Actually he was given two separate self-defense instructions. One of these instructions authorized the jury to acquit appellant if the deceased began the attack upon him with the cane and appellant believed it was necessary to shoot and kill the deceased in order to avert apparent danger to himself. The other instruction authorized the acquittal of appellant if he did not know that the deceased was a deputy constable or that he had placed or attempted to place appellant under arrest, and it appeared necessary for appellant to shoot the deceased in order to protect himself.

As we have above stated, the only real question was whether or not appellant was justified in killing the deceased during the altercation. The jury, which was instructed on all phases of the case, believed he was not. We find no prejudicial error in the record.

The judgment is affirmed.